# COURT OF ERRORS AND APPEALS.

BENJAMIN GEROE AND WILLIAM I. STAGG, APPELLANTS, AND CORNELIUS WINTER AND WIFE, RESPONDENTS.

D. G., the testator, gave the remainder of his real estate to his three children—P., the wife of C. W.; C., the wife of W. S., and B. G., in fee simple, to be divided or sold as two out of the three heirs could agree, and appointed W. S. and B. G. executors of the will. *Held*, that the executors had no power in them to sell or to divide the real estate.

This case is reported *ante p.* 319.

*D. Barkalow*, for the appellants.

*A. S. Pennington*, for the respondents.

Chief Justice GREEN delivered the following opinion:

The bill, in this cause, states that Daniel Geroe, by his last will and testament, gave the remainder of his real estate to his three children—Peggy, the wife of Cornelius Winter, the complainant; Caty, the wife of William Stagg, and Benjamin Geroe, in fee simple, to be divided or sold as two out of the three could agree, and appointed Stagg and Geroe the executors of his will. It charges that Stagg and Geroe, as *executors* of the said estate, and *as devisees* under his will, sold and conveyed the real estate so devised; that the said sale was *fraudulent* in fact, being made at an under price, by the contrivance of the

respondents, and that it was fraudulent in law, being made to a third person, as the agent of the respondents, and for their benefit, in violation of the rule of law that no executor or trustee can, directly or indirectly, become a purchaser at a sale made by himself.

In the absence of all proof of actual fraud, the case made by the bill, and attempted to be sustained by the evidence, is, that the sale and conveyance, having been made by the respondents, as trustees or executors, indirectly to themselves, is, therefore, fraudulent in law, and void.

In order to sustain the bill, the court must be satisfied that the appellants, as trustees of Winter and wife, or as executors of the will of Benjamin Geroe, sold and conveyed to themselves, directly or indirectly, the title to Winter's share of the real estate.

But I am of opinion that the appellants had no power whatever to sell the share of Winter, either as executors or as devisees.

There is no pretence of any express power vested in the executors to sell the real estate, nor can any such power be implied. The sale was not made for the purpose of settling the testator's estate, for the payment of debts or legacies, or for any purpose which the executors, as such, were authorized to effect. On the contrary, the real estate was devised, by the testator, to his three children, in fee simple, to be divided between them, or sold, as a majority of them could agree. Under this devise, there can surely be no power raised by implication, in the executors, either to sell or to divide the real estate.

Neither was any power conferred upon any two of the devisees, to sell the share of the third, or to divide the land at their pleasure; there was neither a power nor a trust vested in them, for this purpose. All must unite in making the sale or in effecting the partition, or resort, for this purpose, must be had to some judicial tribunal.

The deed, therefore, as to the share of the complainants, Winter and wife, in the real estate sold, was an utter nullity— no title did, or by possibility could, pass by it. The title of the complainants was in them after the sale and conveyance by Geroe and Stagg, as completely as before. It remained unimpaired and unaffected by the conveyance. I cannot conceive, there-

fore, how the court can decree the sale fraudulent, or decree in favor of the complainant, upon the ground charged in the bill. On the other hand, if the court should, upon the merits of the case, decree against the complainants, holding that the sale was not fraudulent, I see nothing that would prevent the complainants from bringing an ejectment and recovering possession of the premises; there is nothing upon the face of the bill or proceedings in this case to estop them from such course.

Inasmuch, therefore, as this sale and conveyance was not made by virtue of any power vested in the appellants, either as trustees or as executors—as, consequently, no fraud in law is established in the making of the sale—as no other ground of relief is stated in the complainants' bill—as the pretended sale and conveyance against which relief is sought is absolutely null and void, and as the complainants have full, adequate, and complete relief at law, I am of opinion that the decree of the Chancellor should be reversed, and that the complainants' bill should be dismissed, but without costs.

I have arrived at this conclusion with much reluctance. The ground upon which I place my decision seems not to have been adverted to before the Chancellor; and, although suggested, it was not discussed in this court. But, entertaining, as I do, a clear conviction of the legal principles which govern the case, and believing that a final decision of the cause upon grounds not charged in the bill, is forbidden alike by sound principle and the settled practice of the court, I am constrained to adopt the course which I have indicated. I feel the less reluctance in doing so, as the decision now made, in substance, accords with the decree of the Chancellor, is a decision of the matter in controversy, and will lead, it is hoped, to an immediate adjustment between the parties.

NEVIUS, WHITEHEAD, and CARPENTER, Justices, and PORTER, SCHENCK, SPEER, and ROBERTSON, Judges, concurred in this opinion. RANDOLPH, Justice, and SPENCER, Judge, voted for affirming the decree.                    Decree reversed.

NOTE.—The point decided by this court was not presented to the court below, both parties having submitted the question of the validity of the sale on the assumption that the executors had power to sell. The appeal was from the decree of the court below declaring the sale invalid.